```
IN THE UNITED STATES DISTRICT COURT
 FOR THE WESTERN DISTRICT OF TENNESSEE
            WESTERN DIVISION
```
___

| | | |
|---|---|---|
| **ANTONIO ANDRE BRIGGS,** | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 17-02411-JPM-tmp |
| | ) | |
| **MARK JOBE,** | ) | |
| | ) | |
| Defendant. | ) | |

___

### REPORT AND RECOMMENDATION
___

On June 14, 2017, *pro se* plaintiff Antonio Briggs filed a complaint under 42 U.S.C. § 1983. (ECF No. 1.) On the same day, Briggs also filed a motion for leave to proceed *in forma pauperis*, which the court granted on June 15, 2017. (ECF Nos. 2, 7.) Pursuant to Administrative Order 2013-05 (Apr. 29, 2013), this case has been referred to the United States magistrate judge for management and for all pretrial matters for determination or report and recommendation as appropriate. For the reasons stated below, the undersigned recommends that Briggs's complaint be dismissed *sua sponte* pursuant to 28 U.S.C. § 1915(e)(2)(B)(i)-(ii) and Federal Rule of Civil Procedure 12(b)(1).

### I. PROPOSED FINDINGS OF FACT

In his complaint, filed on a form complaint for violations of civil rights under 42 U.S.C. § 1983, Briggs names Mark Jobe as the sole defendant. As best as the court can tell, the complaint alleges that Jobe performed surgery on Briggs's wrist. Briggs alleges that Jobe inserted "something" into his body that "scanned my brain" and caused him to "hear voices talking over in my mouth, day in, day out." (ECF No. 1 at 2.) The relief Briggs seeks is to "make that doctor pay for what he has done to my life . . . [and] have the med to take this out of my body so that I can try to get back to living a normal life again."[1] (Id. at 3.)

## II. PROPOSED CONCLUSIONS OF LAW

The court is required to screen *in forma pauperis* complaints and to dismiss any complaint, or any portion thereof, if the action:

    (i) is frivolous or malicious;

    (ii) fails to state a claim on which relief may be granted; or

    (iii) seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2)(B)(i-iii). In assessing whether the complaint in this case states a claim on which relief may be

---

[1] On June 19, 2017, the plaintiff filed over 200 pages of medical records as exhibits to his complaint. (ECF No. 8.) The court has reviewed these records and finds that they do not change the analysis set forth in this report and recommendation.

granted, the court applies the standards under Rule 12(b)(6) of the Federal Rules of Civil Procedure, as stated in Ashcroft v. Iqbal, 556 U.S. 662, 678-79 (2009), and Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555-57 (2007).  Accordingly, "[a]ccepting all well-pleaded allegations in the complaint as true, the Court 'consider[s] the factual allegations in [the] complaint to determine if they plausibly suggest an entitlement to relief.'" Williams v. Curtin, 631 F.3d 380, 383 (6th Cir. 2011) (quoting Iqbal, 556 U.S. at 681) (alteration in original).  "[P]leadings that . . . are no more than conclusions[] are not entitled to the assumption of truth.  While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations."  Iqbal, 556 U.S. at 679; see also Twombly, 550 U.S. at 555 n.3 ("Rule 8(a)(2) still requires a 'showing,' rather than a blanket assertion, of entitlement to relief. Without some factual allegation in the complaint, it is hard to see how a claimant could satisfy the requirement of providing not only 'fair notice' of the nature of the claim, but also 'grounds' on which the claim rests.").

"*Pro se* complaints are to be held to less stringent standards than formal pleadings drafted by lawyers, and should therefore be liberally construed."  Williams, 631 F.3d at 383 (internal quotation marks omitted).  *Pro se* litigants, however, are not exempt from the requirements of the Federal Rules of

Civil Procedure.  Wells v. Brown, 891 F.2d 591, 594 (6th Cir. 1989); see also Brown v. Matauszak, 415 F. App'x 608, 613 (6th Cir. 2011) ("[A] court cannot create a claim which [a plaintiff] has not spelled out in his pleading.") (internal quotation marks omitted); Payne v. Sec'y of Treas., 73 F. App'x 836, 837 (6th Cir. 2003) (affirming *sua sponte* dismissal of complaint pursuant to Fed. R. Civ. P. 8(a)(2) and stating, "[n]either this court nor the district court is required to create Payne's claim for her"); cf. Pliler v. Ford, 542 U.S. 225, 231 (2004) ("District judges have no obligation to act as counsel or paralegal to pro se litigants.").

Briggs's complaint is formally styled as an action brought under § 1983.  "To state a claim under [42 U.S.C.] § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law."  Nouri v. Cnty. of Oakland, 615 F. App'x 291, 295 (6th Cir. 2015) (quoting West v. Atkins, 487 U.S. 42, 48 (1988) (alteration in original)); see also Lindsey v. Detroit Entm't, LLC, 484 F.3d 824, 827 (6th Cir. 2007) ("Section 1983 does not, as a general rule, prohibit the conduct of private parties acting in their individual capacities."); Brotherton v. Cleveland, 173 F.3d 552, 567 (6th Cir. 1999) ("A § 1983 plaintiff may not sue purely private parties.").

-4-

Briggs does not assert, and the facts alleged in the complaint do not plausibly support, the conclusion that Briggs suffered a violation of his constitutional rights. Moreover, Briggs does not allege that Jobe is a state actor, or that Jobe is a private actor whose conduct as it relates to Briggs's injuries "is fairly attributable to the state." See Romanski v. Detroit Entm't, L.L.C., 428 F.3d 629, 636 (6th Cir. 2005). Accordingly, Briggs has failed to state a claim under § 1983. The undersigned therefore recommends that Briggs's § 1983 claim be dismissed for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

In addition, the court is required to dismiss the complaint when the allegations are frivolous. See 28 U.S.C. § 1915(e)(2)(B)(i). Also, "a district court may, at any time, *sua sponte* dismiss a complaint for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure when the allegations of a complaint are totally implausible, attenuated, unsubstantial, frivolous, devoid of merit, or no longer open to discussion." Apple v. Glenn, 183 F.3d 477, 479 (6th Cir. 1999); see also Walker v. City of Memphis, No. 15-cv-2340-JDT-tmp, 2015 WL 3852846, at *3 (W.D. Tenn. May 28, 2015), report and recommendation adopted, No. 15-vc-2340-JDT-tmp, 2015 WL 3851994 (W.D. Tenn. June 22, 2015). As detailed previously, Briggs's complaint presents a narrative of

events that are entirely implausible. Therefore, the court also recommends that the complaint be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) and Federal Rule of Civil Procedure 12(b)(1). See Walker, 2015 WL 3852846, at *3 (collecting cases).

### III. RECOMMENDATION

For the reasons stated above, it is recommended that the complaint be dismissed *sua sponte* pursuant to 28 U.S.C. § 1915(e)(2)(B)(i)-(ii) and Federal Rule of Civil Procedure 12(b)(1).

Respectfully submitted,

s/ Tu M. Pham
TU M. PHAM
United States Magistrate Judge

July 13, 2017
Date

### NOTICE

**WITHIN FOURTEEN (14) DAYS AFTER BEING SERVED WITH A COPY OF THIS REPORT AND RECOMMENDED DISPOSITION, ANY PARTY MAY SERVE AND FILE SPECIFIC WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS AND RECOMMENDATIONS. ANY PARTY MAY RESPOND TO ANOTHER PARTY'S OBJECTIONS WITHIN FOURTEEN (14) DAYS AFTER BEING SERVED WITH A COPY. 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b)(2); L.R. 72.1(g)(2). FAILURE TO FILE OBJECTIONS WITHIN FOURTEEN (14) DAYS MAY CONSTITUTE A WAIVER OF OBJECTIONS, EXCEPTIONS, AND FURTHER APPEAL.**