# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TENNESSEE
# WESTERN DIVISION

| | |
|---|---|
| ANTONIO ANDRE BRIGGS, | ) |
| Plaintiff, | ) ) |
| v. | ) ) No. 2:17-cv-02411-JPM-tmp |
| MARK JOBE, | ) ) |
| Defendant. | ) ) |

## ORDER ADOPTING THE REPORT AND RECOMMENDATION

Before the Court is Magistrate Judge Tu Pham's "Report and Recommendation," filed July 16, 2017. (ECF No. 9.) In the Report and Recommendation, Magistrate Judge Pham recommends "that [Plaintiff's] complaint be dismissed *sua sponte* pursuant to 25 U.S.C. §1915(e)(2)(B)(i)–(ii) and Fed. R. Civ. P. 12(b)(1)." (Id. at PageID 227.)

More than fourteen days have past and Plaintiff has not filed any objection to Magistrate Judge Pham's Report and Recommendation. For the reasons stated below, the Court **ADOPTS** the Magistrate Judge's Report and Recommendation.

## I.  BACKGROUND

This action involves claimed violations of civil rights under 42 U.S.C. § 1983. (See ECF No. 1 at PageID 1.) On June 14, 2017, Antonio Andre Briggs ("Plaintiff"), who is proceeding *pro se*, filed a Complaint against sole Defendant Mark Jobe. The Complaint appears to allege that Jobe performed surgery on Briggs's wrist, and surgically inserted "something" into Brigg's body that "scanned [his] brain" and caused him to "hear voices talking over in [his] mouth, day in, day out." (See ECF No. 1 at PageID 2.) Plaintiff seeks to "make the doctor pay for what he

has done to [Plaintiff's] life . . . have the med to take this thing out of [Plaintiff's] body so that [Plaintiff] can try to get back to living a normal life again." (Id. at PageID 3.)

On June 14, 2017, Plaintiff moved to proceed *in forma pauperis* (ECF No. 2). Magistrate Judge Pham granted Briggs leave to proceed *in forma pauperis* on June 15, 2017. (ECF No. 7) Magistrate Judge Pham then filed a Report and Recommendation on July 13, 2017, recommending the case be dismissed for failure to state a claim. (ECF No. 9.)

## II. ANALYSIS

Federal Rule of Civil Procedure 72(b)(2) provides that "[w]ithin 14 days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations." Fed R. Civ. P. 72(b)(2). "When no objections are filed to an R & R or to a portion of an R & R, the Court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the Magistrate Judge." Green v. Metro. Police Dep't, No. 3:06-0446, 2008 WL 4981901, at *2 (M.D. Tenn. Nov. 18, 2008).

In the instant case, Plaintiff has not filed any timely objection to Magistrate Judge Pham's proposed findings and recommendations. Accordingly, the Court reviews the entire Report and Recommendation for clear error. See Fed. R. Civ. P. 72(b) advisory committee notes ("When no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation."). Moreover, the "failure to properly file objections constitutes a waiver of appeal." See Howard v. Sec'y of Health & Human Servs., 932 F.2d 505, 508 (6th Cir. 1991) (citing United States v. Walters, 638 F.2d 947, 950 (6th Cir. 1981)).

In the Report and Recommendation, Magistrate Judge Pham found that Plaintiff failed to state a claim upon which relief could be granted and that his complaint should be dismissed *sua sponte*. (ECF No. 9 at PageID 231.) Magistrate Judge Pham found that Plaintiff failed to allege that Defendant was a state actor acting under the color of state law, which is required under 42 U.S.C. § 1983. (Id.) Magistrate Judge Pham further found that Plaintiff failed to allege the deprivation of a constitutional or federal right. (Id.) Thus, according to Magistrate Judge Pham, Plaintiff failed to state a claim under § 1983. (Id.) In addition, Magistrate Judge Pham dismissed Plaintiff's Complaint asserting implausible allegations for lack of subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1). (Id. at PageID 231–32.) The Court finds no error on either of the Magistrate Judge's grounds for dismissal.

The Magistrate Judge did not error by dismissing Plaintiff's Complaint for failure to state a claim. Under 42 U.S.C. § 1983 a plaintiff must allege she "was deprived of rights guaranteed under the United States Constitution or federal law by a person acting 'under color of state law.'" Haines v. Fed. Motor Carrier Safety Admin., 814 F.3d 417, 429 (6th Cir. 2016) (quoting Strickland on Behalf of Strickland v. Shalala, 123 F.3d 863, 866 (6th Cir. 1997)). In the instant case, however, Plaintiff does not allege that Defendant was acting under color of state law, nor that he was deprived of a right secured by the Constitution of laws of the United States. Furthermore, Plaintiff does not allege that Defendant was a state actor or a private actor whose conduct is "fairly attributable to the state." Romanski v. Detroit Entm't, L.L.C., 428 F.3d 629, 636 (6th Cir. 2005). Accordingly, the Court finds the Magistrate Judge did not error in finding Plaintiff does not state a claim pursuant to 42 U.S.C. § 1983.

Nor did the Magistrate Judge error by dismissing Plaintiff's Complaint for lack of subject matter jurisdiction. District courts may, *sua sponte*, dismiss a complaint for lack of subject

matter jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1) "when the allegations of a complaint are totally implausible, attenuated, unsubstantial, frivolous, devoid of merit, or no longer open to discussion." Wagenknecht v. United States, 533 F.3d 412, 417 (6th Cir. 2008) (quoting Apple v. Glenn, 183 F.3d 477, 479 (6th Cir. 1999)).  In the instant case, the Magistrate Judge found, and the Court agrees, that Plaintiff's allegations are entirely implausible and should therefore be dismissed under Rule 12(b)(1).  Accordingly, the Court finds the Magistrate Judge did not error by dismissing Plaintiff's frivolous complaint for lack of subject matter jurisdiction under Rule 12(b)(1).  Apple, 183 F.3d at 479.

For the reasons stated above, the Court **ADOPTS** the Magistrate Judge's Report and Recommendation (ECF No. 9) in its entirety.  Accordingly, Plaintiff's Complaint (ECF No. 1) is DISMISSED WITH PREJUDICE for failure to state a claim upon which relief may be granted, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii); and for lack of subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1).

**IT IS SO ORDERED,** this 3rd day of August, 2017.

/s/ Jon P. McCalla
JON P. McCALLA
U.S. DISTRICT COURT JUDGE